## HANNAH POPPLEWELL *vs.* EDWIN PIERCE.

A declaration charging that the defendant wrongfully kept a horse accustomed to bite mankind, and that the defendant knew it, need not aver that the injury complained of was received through the defendant's negligence in keeping the horse.

THIS was an action of trespass on the case. The declaration alleged " that the defendant, heretofore, to wit, on the twenty-sixth day of January last past, and from thence, for a long space of time, to wit, until and at the time of the damage and injury to the said plaintiff, as hereinafter mentioned, to wit, at Lawrence aforesaid, wrongfully and injuriously did keep a certain horse which was, during all that time, used and accustomed to attack and bite mankind; he, the said defendant, during all that time, well knowing that the said horse was used and accustomed to attack and bite mankind, to wit, at Lawrence aforesaid; and which said horse, afterwards and whilst the said defendant so kept the same as aforesaid, to wit, on the twenty-eighth day of January last past, at Lawrence aforesaid, did attack and bite the said plaintiff, and did then and there greatly lacerate, hurt, wound, and bruise the back of the said plaintiff, and thereby she the said plaintiff then and there became sick, sore, lame, and disordered, and so remained and continued for a long space of time, to wit, the space of seven weeks then next following, and still continues sick, sore, lame, and disordered thereby; during all which time the said plaintiff thereby suffered and underwent, and still suffers and undergoes, great pain, and was thereby then

43 *

and there, and still is, hindered and prevented from perform-
ing and transacting her lawful affairs and business by her to
be performed and transacted; and also, by means of the
premises, she, the said plaintiff, was thereby and still is, put to
great .expense, cost, and charges, in the whole amounting to
a large sum of money, to wit, seventy dollars, in and about
endeavoring to be cured of the said wounds, sickness, lame-
ness, and disorder, so occasioned as aforesaid, and hath been
and is, by means of the premises, otherwise greatly injured
and damnified, to wit, at Lawrence aforesaid, to the dam-
age," &c.

The case was tried in the court of common pleas before
*Perkins*, J. and after verdict returned for the plaintiff, the
defendant moved that judgment should be arrested for in-
sufficiency of the plaintiff's declaration.   This motion was
overruled, and the case thereupon brought into this court on
exceptions.

*D. Saunders*, Jr. for the defendant.

*G. P. Briggs*, for the plaintiff.

METCALF, J.   The reason assigned by the defendant for his
motion in arrest of judgment is, that the declaration does not
allege " that the horse attacked and bit the plaintiff, by reason
of the defendant's having wrongfully and injuriously kept the
same ; " and, therefore, for aught that the declaration avers,
the injury received by the plaintiff may have been by her own
fault or carelessness, and not by the fault or carelessness of
the defendant.   But we are of opinion that there is no defect
in the declaration, and that the objection to it mistakes the
ground of the action.   This question has recently been de-
cided by the courts in England.   In a case in the Queen's
Bench (*May* v. *Burdett*, 9 Adolph. & Ellis N. R. 101), the
action was for an injury received from an animal accustomed
to bite mankind. _ It was objected, after verdict for the
plaintiff, that the declaration did not allege negligence or
default in the defendant in not properly keeping or securing
the animal.   Lord Denman said : "A great many cases and
precedents were cited upon the argument, and the conclu-
sion to be drawn from them appears to us to be, that the

declaration is good upon the face of it, and that whoever keeps an animal accustomed to attack and bite mankind, with knowledge that it is so accustomed, is *primâ facie* liable in an action on the case, at the suit of any person attacked and injured by the animal, without any averment of negligence or default in the securing and taking care of it. The gist of the action is the keeping the animal after knowledge of its mischievous propensities.     The precedents, both ancient and modern, with scarcely an exception, merely state the ferocity of the animal and the knowledge of the individual, without any allegation of negligence or want of care."   " The negligence is in keeping such animal after notice."   " It may be that if the injury was solely occasioned by the wilfulness of the plaintiff, after warning, that may be a ground of defence by plea in confession and avoidance."     This decision was made in Trinity term 1846.     During the same term, the court of exchequer made the same decision.     *Jackson* v. *Smithson*, 15 Mees. & Welsb. 563.     These two decisions were fully recognized by the court of common pleas, in 1848. *Card* v. *Case*, 5 Man. Grang. & Scott, 622.     In this last case, which was for an injury received from a dog, the declaration, besides alleging what is contained in the declaration now before us, also alleged that " it was the duty of the defendant to use due and reasonable care and precaution in and about the keeping and management of the said dog; yet that the defendant, not regarding the duty of him, the defendant, in that behalf, did not use such due and reasonable care," &c.     This allegation was held to be immaterial.     Coltman, J. said : " Looking at the frame of this declaration, it may be said that the negligently keeping the dog was the wrongful act charged ; but that is overlooking that which is the gist and substance of the action.     It is clear from the case of *May* v. *Burdett*, where the matter underwent very great consideration, that the circumstance of the defendant's keeping the animal negligently is not essential ; but that the gravamen is the keeping a ferocious animal, knowing its propensities, and the consequent injury to the plaintiff."   And Maule, J. said : " The cases of *May* v. *Burdett*, and *Jackson* v. *Smithson*, and the general

course of precedents and authorities referred to in the former case, prove that the wrongful act is the keeping a ferocious dog, knowing its savage disposition; and that an action of this sort may be maintained without alleging any negligence. The declaration here idly and superfluously states a duty to arise on the defendant's part, to use due and reasonable care and precaution in and about the keeping and management of the dog." "The injury to the plaintiff would be the same whether the defendant was guilty of negligence or not." See also *Kelly* v. *Wade*, 12 Irish Law Reports, 424.

The defendant's motion is overruled, and the plaintiff will have *Judgment on the verdict.*